UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| ANTHONY LAWRENCE BARRA, | Case No. 1:23-cv-01756-HBK (PC) |
|---|---|
| Plaintiff, | ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES |
| v. | |
| TULARE COUNTY SHERIFF'S OFFICE DEPARTMENT, | MARCH 20, 2024 DEADLINE |
| Defendant.[1] | |

Pending before the Court for screening under 28 U.S.C. § 1915A is the pro se civil rights complaint filed under 42 U.S.C. § 1983 by Anthony Lawrence Barra—a state prisoner/pretrial detainee. (Doc. No. 1, Complaint). Upon review, the Court finds the Complaint is subject to dismissal. Notably, Plaintiff admits on the face of the Complaint he did not fully exhaust his administrative remedies before he initiated this action.

The Complaint concerns events stemming from Plaintiff's confinement at the Bob Wiley Detention Facility. (*Id*. at 3). Plaintiff complains that:

> Sheriffs are not giving my 10 hours a week. Mrs. Murphy said on Wednesday I used my time. This took place at Bob Wiley's Detention Facility. We by law are entitled to 2 hours each day.

(*Id*. at 3). As relief, Plaintiff seeks "monetary damages" in the amount of $5,000. (*Id*.).

---

[1] The Complaint identifies The Tulare County Sheriff's Department in the caption but names "Murphy" the "pro-per lia[i]son" under the list of Defendants in Section III of the complaint form. (Doc. No. 1 at 2).

At the outset, the Complaint fails to state a claim. Fed. R. Civ. P. 8(a)(2). For a claim to be facially plausible to survive screening, the plaintiff must provide sufficient factual detail to allow the court to reasonably infer that each named defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). Although detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Iqbal*, 556 U.S. at 678 (citations omitted), and courts "are not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). Given the brevity of the Complaint, the Court cannot discern which, if any, of Plaintiff's constitutional rights were impeded, and by whom.

While the Court would normally afford a pro se litigant an opportunity to file an amended complaint to cure an otherwise deficient pleading, here Plaintiff acknowledges on the face of his Complaint that he has not exhausted his administrative remedies. (Doc. No. 1 at 2). Specifically, under the section of the form Complaint entitled "Exhaustion of Administrative Remedies" Plaintiff checks the box marked "No" next to the question "Is the grievance process completed?" (*Id.*).

Under the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is a condition precedent to filing a civil rights claim. *Woodford v. Ngo*, 548 U.S. 81, 93 (2006); *see also McKinney v. Carey*, 311 F.3d 1198, 1200 (9th Cir. 2002) ("Congress could have written a statute making exhaustion a precondition to judgment, but it did not. The actual statute makes exhaustion a precondition to suit." (citations omitted)). The exhaustion requirement "applies to all inmate suits about prison life." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Further, the nature of the relief sought by the prisoner or the relief offered by the prison's administrative process is of no consequence. *Booth v. Churner*, 532 U.S. 731, 741 (2001). And, because the PLRA's text and intent requires "proper" exhaustion, a prisoner does not satisfy the PLRA's administrative grievance process if

1   he files an untimely or procedurally defective grievance or appeal. *Woodford*, 548 U.S. at 93. A
2   prisoner need not plead or prove exhaustion. Instead, it is an affirmative defense that must be
3   proved by defendant. *Jones v. Bock*, 549 U.S. 199, 211 (2007). A prison's internal grievance
4   process, not the PLRA, determines whether the grievance satisfies the PLRA exhaustion
5   requirement. *Id.* at 218. However, courts may dismiss a claim if failure to exhaust is clear on the
6   face of the complaint. *See Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014).

7         Based on the face of the Complaint, Plaintiff admits he did not exhaust his administrative
8   remedies regarding the claim raised in his Complaint prior to filing this case. Exhaustion is a pre-
9   condition to initiating the action. In other words, before Plaintiff may file a federal action on his
10  claims he must first fully and properly exhaust all administrative remedies for any claims that are
11  available at the correctional institution where the events occurred. Only after the administrative
12  remedies are fully and properly exhausted may a prisoner litigant then commence an action.
13  Accordingly, Plaintiff shall show cause in writing why his Complaint should not be dismissed for
14  failure to exhaust his administrative remedies. Plaintiff is warned that if he commenced this
15  action before exhausting his administrative remedies, a dismissal of his Complaint on this basis
16  would count as a strike under 1915(g). *El-Shaddai v. Zamora*, 833 F.3d 1036, 1043–44 (9th Cir.
17  2016).[2] Alternatively, to avoid a strike, and because no defendant has yet been served, Plaintiff
18  may elect to file a notice to voluntarily dismiss this claim without prejudice under Fed. R. Civ. P.
19  41. Plaintiff may then refile a new complaint in a new action after he fully exhausts his
20  administrative remedies. Failure to respond to this Order will result in the recommendation that
21  this action be dismissed for failure to exhaust and/or failure to comply with a court order.

22        Accordingly, it is **ORDERED**:

23        1. No later than March 20, 2024, Plaintiff shall deliver to correctional officials for
24  mailing his response to the order and show cause why this action should not be dismissed for his

---

[2] Under § 1915(g), prisoners who have brought unsuccessful suits may be barred from bringing a civil action and paying the fee on a payment plan once they have had on prior occasions three or more cases dismissed as frivolous, malicious, or for failure to state a claim. *Lomax v. Ortiz-Marquez,* 140 S. Ct. 1721, 1723 (2020); *see also Andrews v. Cervantes*, 493 F.2d 1047, 1052 (9th Cir. 2007).

failure to exhaust his administrative remedies before filing suit. Alternatively, by this same date, Plaintiff may deliver a "notice of voluntarily dismissal without prejudice under Fed. R. Civ. P. 41" to avoid a strike.

    2. Plaintiff's failure to timely to respond to this order will result in the recommendation that this action be dismissed for Plaintiff's failure to exhaust his administrative remedies prior to initiating this action and/or failure to comply with a court order.

Dated:   February 20, 2024

HELENA M. BARCH-KUCHTA  
UNITED STATES MAGISTRATE JUDGE