UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY LAWRENCE BARRA,<br><br>Plaintiff,<br><br>v.<br><br>TULARE COUNTY SHERIFF'S OFFICE,<br><br>Defendant. | Case No.  1:23-cv-01756-HBK (PC)<br><br>CLERK TO ASSIGN CASE TO DISTRICT JUDGE AND CLOSE CASE BASED UPON PLAINTIFF'S VOLUNTARY DISMISSAL UNDER FED. R. CIV. P. 41 (a)(1)(A)(i)<br><br>(Doc. No.  9) |

Pending before the Court is Plaintiff's untitled pleading, filed March 6, 2024.  (Doc. No. 9).  The entirety of the pleading reads as follows: "Comes now Anthony Lawrence Barra CDCR BX1356 currently moved to Delano North Kern State Prison I humbly ask the Court to dismiss this case as it is irrelevant."  (*Id*. at 1, "Notice").  The Notice follows the Court's February 20, 2024 Order to Show Cause why Plaintiff's Complaint should not be dismissed for failure to exhaust administrative remedies.  (Doc. No. 8).  In its February 20, 2024 Order, the Court afforded Plaintiff the opportunity to voluntarily dismiss the case to avoid a strike under the Prison Litigation Reform Act.  (*Id.*).  Consequently, the Court construes the pleading as a Notice of Voluntary Dismissal pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i).  Because no defendant has been served and no answer nor motion for summary judgment has been filed, Plaintiff may voluntarily

dismiss this action by operation of law without further order from the Court.  Fed. R. Civ. P. 41(a)(1)(A)(i).

Plaintiff's Notice is not signed at the end, as required by Rule 11 of the Federal Rule of Civil Procedure, which states that "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a).  Plaintiff's failure to sign the notice also violates Local Rule 131 (b), which requires among other things that "[a]ll pleadings . . . shall be signed by the individual attorney for the party presenting them, or by the party involved if that party is appearing in *propria persona*." L.R. 131(b) (E.D. Cal. 2023).  Viewing the totality of the circumstances, however, the Court exercises its discretion not to strike Plaintiff's unsigned Notice.  The Notice was filed in response to the Court's Order to Show Cause, it contains Plaintiff's handwritten name, and evinces the unequivocal intention to voluntarily dismiss the Complaint, presumably to avoid a strike under the Prison Litigation Reform Act.

Accordingly it is **ORDERED**:

1. The Clerk of Court shall randomly assign this case to a district judge, vacate all deadlines, and CLOSE this case to reflect Plaintiff's Notice of Voluntary Dismissal without prejudice consistent with Fed. R. Civ. P. 41(a)(1)(A)(i).
2. If it was not Plaintiff's intention to voluntarily dismiss this case, he may move to reopen the case within 14 days from the date of this Order.

Dated:    March 7, 2024

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

2